UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 12-2004-PRP

UNITED STATES OF AMERICA

v.

FABRICIO PEREIRA DA SILVA,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
Michael J. Garofola
ASSISTANT UNITED STATES ATTORNEY
Court No. A5501559
99 NE 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9151
FAX (305) 536-4699

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| FABRICIO PEREIRA DA SILVA, | ) | Case No. 12-2004-PRP |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 2, 2012__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C § 1326(a) | Within the maritime and territorial jurisdiction of the United States, and elsewhere, with Miami-Dade County in the Southern District of Florida being the district to which the offender was first brought, the defendant, DA SILVA, an alien, having previously been removed from the U.S. on or about January 23, 2010, did attempt to enter the U.S., knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security (6 USC 202(3), 202(4), & 557) having expressly consented to such alien's reapplying for admission to the United States; in violation of 8 USC 1326. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Wilfredo Casiano
Printed name and title

Sworn to before me and signed in my presence.

Date: __Jan 4, 2012__

_____
Judge's signature

City and state: __Miami, Florida__     HON. PETER R. PALERMO, U.S. MAG. JUDGE
Printed name and title

## AFFIDAVIT

I, Wilfredo Casiano, being duly sworn, herby depose and state as follows:

1. I am a Border Patrol Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), and have been so employed since 2002. I am presently assigned to the Miami Field Office, Marine Investigation Group, where I am responsible for conducting narcotics and human smuggling investigations involving the use of marine vessels.

2. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as upon information received from other individuals, including other law enforcement officers, and my review of records, documents, and other physical items obtained during the course of this investigation. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me, and to other law enforcement officers, in this investigation. I have set forth only the facts necessary to establish probable cause to believe that Ronney Schineider COELHO, Alexsandro Marcos DE SOUZA, and Fabricio Pereira DA SILVA have committed violations of Title 8, United States Code, Section 1326(a), that is, after having been previously deported and removed from the United States, they entered or attempted to enter in the United States, knowingly and unlawfully, without the Attorney General or his successor, the Secretary for Homeland Security having expressly consented to their reapplying for admission to the United States.

3. On January 2, 2012, at approximately 5:45 p.m., United States Customs and Border Protection, (CBP) Office of Air and Marine (OAM) DHC-8 aircraft acquired a twenty (28) foot White Water Vessel, bearing Florida registration # FL8219HJ; approximately nineteen (19) nautical miles southeast of Elliot Key, Florida. CBP requested assistance from the United

States Coast Guard (USCG), which intercepted the White Water vessel approximately five (5) nautical miles east of Elliott Key, Florida. The vessel was operated by Eric Joseph MacKenzie. MacKenzie, a United States citizen, was in control of the vessel with ten (10) undocumented migrants onboard, including COELHO, DE SOUZA, and DA SILVA. Homeland Security Investigations (HSI), Office of the Special Agent in Charge (SAC) Miami, Marine Investigations Group operating under the auspices of the Border Enforcement Security Taskforce (BEST) investigated this incident.

### Ronney Schineider COELHO

4. An immigration judge ordered COELHO to be removed from the United States on April 18, 2006. Immigration officials actually removed COELHO on or about July 7, 2011. When COELHO was removed, immigration officials took his fingerprints and put them into the Integrated Automated Fingerprint Identification System ("IAFIS") database. A comparison of COELHO's fingerprints taken on January 03, 2012 with the fingerprints taken from COELHO at or about the time he was ordered removed is a match.

5. COELHO has not received permission from the United States Attorney General or his successor, the Secretary of Homeland Security, to apply for admission into the United States.

### Alexsandro Marcos DE SOUZA

6. DE SOUZA was granted a Voluntary Departure on April 12, 2000. He failed to leave, was apprehended on March 5, 2002, and physically removed on May 6, 2002. DE SOUZA was apprehended on March 21, 2011; his order of deportation was reinstated, and he was again physically removed on May 16, 2011. DE SOUZA was apprehended September 7, 2011; his order of deportation was reinstated, and was physically removed a third time on

October 28, 2011. When DE SOUZA was removed, immigration officials took his fingerprints and put them into IAFIS. A comparison of DE SOUZA's fingerprints taken on January 3, 2012 with the fingerprints taken from DE SOUZA at or about the time he was ordered removed is a match.

7. DE SOUZA has not received permission from the United States Attorney General or his successor, the Secretary of Homeland Security, to apply for admission into the United States.

### Fabricio Pereira DA SILVA

8. DA SILVA was removed by expedited removal on February 22, 2000 by CBP. DA SILVA was apprehended by Immigration and Customs Enforcement Agents on November 19, 2009 and physically removed on January 23, 2010, after having his previous order of removal reinstated. DA SILVA was apprehended by the United States Border Patrol on August 15, 2011 and again physically removed on September 26, 2011 after having his previous order of removal reinstated. When DA SILVA was removed, immigration officials took his fingerprints and put them into IAFIS. A comparison of DA SILVA's fingerprints taken on January 3, 2012 with the fingerprints taken from DA SILVA at or about the time he was ordered removed is a match.

9. DA SILVA has not received permission from the United States Attorney General or his successor, the Secretary of Homeland Security, to apply for admission into the United States.

10. Based on the foregoing facts, I submit that probable cause exists to believe that Ronney Schineider COELHO, Alexsandro Marcos DE SOUZA, and Fabricio Pereira DA SILVA, after having been previously deported and removed from the United States, entered or

attempted to enter in the United States, knowingly and unlawfully, without the Attorney General or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557) having expressly consented to their reapplying for admission to the United States, in violation of Title 8, United States Code, Section 1326.

**FURTHER YOUR AFFIANT SAYETH NAUGHT**

_____
WILFREDO CASIANO, BORDER PATROL AGENT
HOMELAND SECURITY INVESTIGATIONS


Sworn and subscribed before me this
fourth day of January, 2012 at Miami, Florida

_____
HONORABLE PETER R. PALERMO
UNITED STATE MAGISTRATE JUDGE